Filed 8/6/24  P. v. Banuelos CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B332327 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA017369) |
| v. | |
| EUSEBIO BANUELOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Reversed and remanded.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant Eusebio Banuelos appeals the trial court's denial of resentencing under Penal Code[1] section 1172.75. As applicable here, section 1172.75 directed the trial court to strike any sentence enhancement "imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5" (*id.*, subd. (a)) and resentence Banuelos. Interpreting the term "imposed" to mean imposed and executed, the trial court declined to resentence Banuelos because the section 667.5, subdivision (b) enhancements in his case were imposed and stayed. Banuelos argues this was error.

The Courts of Appeal are currently divided on this issue and the Supreme Court has granted review. (See, e.g., *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672 [holding § 1172.75 applicable to stayed sentence enhancements]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [same], review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309 [same], review granted Feb. 21, 2024, S283189; *People v. Rhodius* (2023) 97 Cal.App.5th 38 [holding § 1172.75 applies only to executed sentence enhancements], review granted Feb. 21, 2024, S283169.) We join the majority of courts and find that a defendant whose sentence includes a section 667.5, subdivision (b) enhancement that has been imposed and stayed is entitled to a full resentencing hearing. We thus reverse and remand.

## BACKGROUND

A jury convicted Banuelos of driving a car without the owner's consent (Veh. Code, § 10851, subd. (a); count 1),

_____

[1] Further statutory references are to the Penal Code unless otherwise specified.

possession of stolen property (§ 496; count 2),[2] and found true the allegations that Banuelos had served prior prison terms within the meaning of section 667.5, subdivision (b).  (See *People v. Banuelos* (Nov. 15, 1996, B087673) [nonpub. opn.].)  On September 14, 1994, the court sentenced Banuelos to 25 years to life as to each count pursuant to the Three Strikes law but stayed time on the latter count pursuant to section 654.  However, the trial court did not dispose of the enhancements for prior prison terms during sentencing, and following a direct appeal, we remanded the matter to the trial court with directions to exercise its sentencing discretion as to three of the prior prison terms.  (*Ibid*.)  Thus, on April 9, 1997, the trial court sentenced Banuelos "on [his three] prior convictions which were found true as follows: [¶]  As to each prior, [Banuelos] is sentenced to [one] year pursuant to . . . section 667.5[, subdivision ](b).  Sentence is stayed pending the finality of sentence imposed in count 1 and [then] permanently stayed thereafter."[3]

On November 1, 2022, pursuant to section 1172.75, the Department of Corrections and Rehabilitation (CDCR) identified Banuelos as a person serving a term for a judgment that includes an enhancement imposed under section 667.5, subdivision (b).  The trial court appointed counsel for Banuelos, and counsel argued Banuelos was entitled to resentencing under section 1172.75.

On May 24, 2023, the court denied resentencing.  It found that because the section 667.5, subdivision (b) enhancements had

---

[2] The details of the underlying crimes are not relevant to this appeal, and, thus, we omit them.

[3] The record does not contain an abstract of judgment.

been stayed, Banuelos was ineligible for resentencing under section 1172.75.

Banuelos timely appealed.

## DISCUSSION

### A. Standard of Review and General Principles of Statutory Construction

The proper interpretation of a statute is a question of law we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task is to determine the Legislature's intent and effectuate the law's purpose. (*Ibid.*) " ' " ' "We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' " (*Ibid.*) "We do not interpret the statute so literally as to contravene the apparent legislative intent, ' " 'and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.' " ' " (*People v. Christianson, supra*, 97 Cal.App.5th at p. 309.) " 'If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy.' [Citations.] Where ' "resolution of the statute's ambiguities in a convincing manner is impracticable," ' the rule of lenity weighs in favor of interpreting the situation in favor of defendants. [Citation.]" (*Ibid.*)

4

**B.     Section 1172.75**

Prior to January 1, 2020, section 667.5, subdivision (b) required that trial courts "impose a one-year term for each prior separate prison term or county jail term" that the defendant had served, unless the defendant had remained free of custody for at least five years.  (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)  Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b) to limit the one-year prison prior enhancement to prison terms served for convictions of sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1; *People v. Jennings*, *supra*, at p. 681.)

In 2021, the Legislature passed Senate Bill No. 483 (2021-2022 Reg. Sess.) to apply Senate Bill No. 136 retroactively. (Stats. 2021, ch. 728, § 1 [declaring "to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  To achieve this goal, the Legislature enacted section 1172.75 (formerly § 1171.1).  (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 310; Stats. 2022, ch. 58, § 12; Stats. 2021, ch. 728, § 3.)

Section 1172.75, subdivision (a) declares any sentence enhancement "imposed prior to January 1, 2020" pursuant to section 667.5, subdivision (b), except for sexually violent offenses, to be "legally invalid."

Subdivision (b) of section 1172.75 directs that CDCR "shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along

with [other information], to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) CDCR is to provide the information "(1) [b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement . . . [¶] [and] (2) [b]y July 1, 2022, for all other individuals." (*Ibid*.)

Under subdivision (c) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. The review and resentencing shall be completed as follows: [¶] (1) By October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement. [¶] (2) By December 31, 2023, for all other individuals."

Section 1172.75, subdivision (d)(1) provides, "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."

## C. Section 1172.75 Is Not Limited Only to Sentencing Enhancements that Were Imposed and Executed

The plain language of section 1172.75, subdivision (c) requires a court to provide a full resentencing to any defendant currently serving time on a judgment that includes a sentencing

6

enhancement described in subdivision (a); in turn, subdivision (a) refers to "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to" section 667.5, subdivision (b). (§ 1172.75, subd. (a).) As to the meaning of "imposed," we agree with those opinions holding that section 1172.75 must be interpreted to include sentences for prison prior enhancements that have been imposed and stayed, particularly *People v. Christianson*, *supra*, 97 Cal.App.5th 300. (See also *People v. Mayberry*, *supra*, 102 Cal.App.5th 665; *People v. Saldana*, *supra*, 97 Cal.App.5th 1270.) Thus, we do not reiterate the analysis in those opinions, and limit our discussion to addressing the Attorney General's arguments in this appeal about why it believes these cases are wrongly decided.

Both the Attorney General and Banuelos point to *People v. Gonzalez* (2008) 43 Cal.4th 1118 to support their position. In *Gonzalez*, the Supreme Court analyzed the word "imposed" as used in section 12022.53, subdivision (f). It recognized that "imposed" could encompass an enhancement that was imposed and stayed: "[I]t is important to understand that the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those that are 'imposed and then *stayed*. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' [Citation.]" (*People v. Gonzalez*, *supra*, at p. 1125.) Construing the term in the context of that statutory scheme, however, the *Gonzalez* court held the use of the word impose in section 12022.53, subdivision (f), meant imposed and executed and not imposed and stayed. (*People v. Gonzalez*, *supra*, at p. 1126.)

7

The Attorney General argues we should follow *Gonzalez's* holding. However, as recognized in *Christianson*, *Gonzalez's* holding is of limited use where, as here, we must construe the word "imposed" in a different statutory scheme. Indeed, *Gonzalez* observed that as to section 12022.53, subdivision (f), "the Legislature's stated intent was to ensure that ' "substantially longer prison sentences must be imposed on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." (Stats. 1997, ch. 503, § 1.)' ([*People v. ]Gonzalez*, *supra*, [43 Cal.4th] at p. 1129.)" (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 313.) In contrast, Senate Bill Nos. 138 and 483 were "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' (Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019-2020 Reg. Sess.), as amended Sept. 3, 2019, p. 5; see also Stats. 2021, ch. 728, § 1 ['in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements'].)" (*People v. Christianson*, *supra*, at p. 314.) Further, through Senate Bill Nos. 136 and 483, the Legislature also sought to "reallocat[e] 'wasteful' spending from imprisonment to community-based services. [Citation.]" (*People v. Rhodius*, *supra*, 97 Cal.App.5th at p. 46.) Both these goals are best served by interpreting "imposed" broadly such that the statute reaches the largest number of persons eligible for relief. (See *People v. Christianson*, *supra*, at p. 314.)

8

The plain language of section 1172.75 also supports reading "imposed" to include an enhancement imposed and stayed. Subdivision (b) of section 1172.75 directs CDCR to identify all inmates "currently serving a term *for a judgment that includes* an enhancement described in subdivision (a)." (Italics added.) "A judgment may include a sentence that has been imposed but suspended or stayed. [Citations.] Thus, . . . all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*People v. Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.) "Indeed, the Legislature made a similar differentiation in subdivisions (b)(1) & (2) and (c)(1) & (2) [of section 1172.75], prioritizing those inmates that are currently serving time on an enhancement in the sense that they have already served the remainder of all other time imposed by the judgment." (*Id*. at p. 313, fn. omitted.)

Relying on *People v. Rhodius*, *supra*, 97 Cal.App.5th 38, the Attorney General next argues that section 1172.75, subdivision (d)(1)'s directive that resentencing result in a lesser sentence than the one originally imposed requires us to interpret "imposed" as excluding stayed enhancements. Otherwise, the Attorney General argues, the court would have to " 'arbitrarily lower a sentence' " in the case of a stayed enhancement because striking the enhancement will not actually lower the sentence. (*Id*. at p. 44.) However, as *Christianson* observed, "When a punishment is stayed, as opposed to stricken, the trial court

9

retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. (See, e.g., *People v. Brewer* (2014) 225 Cal.App.4th 98, 104 . . . .) Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Thus, practically speaking, "removing the stayed term from the abstract of judgment results in a 'lesser sentence that the one originally imposed.' " (*Ibid.*)

The Attorney General also points us to legislative history that "Senate Bill [No.] 483 was directed to 'the elimination of those enhancements [as] to people *currently held* in prisons and jails.' " However, the Attorney General does not describe why this matters to the issue at hand. This statement does not lead us to conclude that the Legislature intended the word "imposed" to apply only to persons for whom the prison priors enhancement was imposed and executed, as it does not state the enhancement must be the only reason someone is currently held in custody. Rather, it simply differentiates between persons in custody and those no longer in custody. People in custody get a resentencing hearing; those out of custody do not. The policies behind section 1172.75—to mitigate racial disparities in incarceration and to reallocate resources from imprisonment to community-based services—are not served by applying the section to persons no longer in custody.

Nor, for similar reasons, are we persuaded by the Attorney General's suggestion that only those " 'currently serving a sentence based on the enhancement' " are entitled to

10

resentencing. (Italics omitted.) Although section 1172.75, subdivision (c)(1) directs the trial court to complete resentencing for persons currently serving a sentence based on the enhancement by October 1, 2022, they are not the only persons entitled to resentencing. Subdivision (c)(2) also requires the trial court to complete resentencing by December 31, 2023, "for all other individuals" that had previously been identified by CDCR and verified by the court as serving a term for a judgment that includes an enhancement described in subdivision (a). (§ 1172.75, subd. (c)(2).)[4]

---

[4] The Attorney General quotes from section 1 of Senate Bill No. 483, which states, "The Legislature finds and declares that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply Senate Bill [No.] 180 of the 2017-[20]18 Regular Session and Senate Bill [No.] 136 of the 2019-[20]20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) However, as we explain in the text, the plain language of the statute refers to a greater group of persons that CDCR is to identify: those currently serving a term *for a judgment that includes* a sentence enhancement described in subdivision (a) of section 1172.75. (*Id.*, subd. (b).) This is the group of persons the trial court is expected to resentence after verifying that the current judgment includes a sentencing enhancement described in subdivision (a) of section 1172.75. *Christianson* explains: "[T]he use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these

11

Finally, the Attorney General suggests *Christianson's* analysis is flawed because it relied on *People v. Brewer* (2014) 225 Cal.App.4th 98 and *People v. Jones* (1993) 5 Cal.4th 1142, when neither case "clarif[ied] the Legislature's intent behind the use of the [word impose] in section 1172.75, in reference to section 667.5[, subdivision ](b) enhancements."[5]  We disagree.

*Christianson* cited *Brewer* in two instances.  First, *Christianson* relied on *Brewer* for the proposition that a trial court "retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated." (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 312, citing *People v. Brewer*, *supra*, 225 Cal.App.4th at p. 104.)  The Attorney General does not develop argument or cite authority to dispute this point.

two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 312.)

[5] To the extent the Attorney General suggests that *Christianson*'s analysis is unreliable because it is based on dicta in *Jones* and *Brewer*, we observe that "[a]lthough [dicta are] not binding, we may nevertheless consider the reasoning of those decisions to determine whether they have any persuasive effect under the facts presented here." (*People v. Valencia* (2011) 201 Cal.App.4th 922, 929; see also *Evans v. City of Bakersfield* (1994) 22 Cal.App.4th 321, 328 ["it has often been stated that the dicta of our Supreme Court are highly persuasive"].)

Second, *Christianson* referred to *Brewer* and *Jones* in discussing whether the trial court erred in administratively striking the section 667.5, subdivision (b) enhancement rather than resentencing the defendant.  The trial court in *Christianson* reasoned it should strike the enhancement because "the general rule that 'once the prison prior is found true, it must be imposed or stricken, not stayed.' " (*People v. Christianson*, *supra*, 97 Cal.App.5th at p. 315.)  In other words, staying the enhancement was unauthorized.  In response, the appellate court observed there are statutory exceptions to the general rule.  (*Ibid*.) *Christianson* then cited *Jones* and *Brewer* as "authority suggesting that section 667 allows for a stay in cases in which there is both a section 667 serious felony prior enhancement and a section 667.5, subdivision (b) enhancement based on the same underlying conviction." (*People v. Christianson*, *supra*, at pp. 315-316, fn. omitted, citing *People v. Jones*, *supra*, 5 Cal.4th at p. 1150; *People v. Brewer*, *supra*, 225 Cal.App.4th at p. 106.)

Here, the trial court did not strike Banuelos's section 667.5, subdivision (b) sentencing enhancement and did not resentence, finding instead that section 1172.75 was entirely inapplicable. Nor does the Attorney General argue staying Banuelos's section 667.5, subdivision (b) enhancements was improper in the first place.  (Cf. *People v. Mayberry*, *supra*, 102 Cal.App.5th at p. 672 [observing "that the two prior prison term enhancements were 'improperly stayed' in the first instance," but holding the defendant was entitled to resentencing under § 1172.75].)  As such, *Christianson's* reliance on *Brewer* and *Jones* does not undermine our reliance on *Christianson*'s holding in the appeal before us.

13

## DISPOSITION

The order is reversed and the matter is remanded for a resentencing hearing pursuant to section 1172.75 with regard to the section 667, subdivision (b) enhancements that were imposed but stayed.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:


ROTHSCHILD, P. J.


KELLEY, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.